**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:26-CV-78-CRS**

**KHALID A. ZAAHIR** **PLAINTIFF**

**v.**

**LAURA PLAPPERT *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Khalid A. Zaahir initiated this *pro se* prisoner 42 U.S.C. § 1983 action along with three other inmates (DN 1). The Court severed the action, terminated the other three inmates from the instant action, and ordered Plaintiff to file an amended complaint which contains only claims she seeks to bring on her own behalf (DNs 6 and 8). Plaintiff filed an amended complaint (DN 10), which is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

## I. SUMMARY OF FACTUAL ALLEGATIONS[1]

Plaintiff is a convicted inmate at Kentucky State Penitentiary (KSP). She sues KSP Warden Laura Plappert; Kentucky Department of Corrections (KDOC) Commissioner Cookie Crews; KSP Chaplain Thomas Klatt; Aramark manager Jimi "Michelle" Wallace; Aramark employee Melinda McCoy; KSP Unit Administrator Jill Robertson; KSP Deputy Warden Lauren Massey; KSP Grievance Coordinator Robin McCalister; and KDOC Ombudsman Allyson Lambert. She sues each Defendant in his or her individual and official capacities.[2]

---

[1] The complaint is lengthy and largely repetitive, and many of the allegations are superfluous. The Court will undertake to summarize Plaintiff's pertinent allegations.

[2] Plaintiff actually does not state in what capacity(ies) she sues Defendant McCoy. The Court looks to the course of proceedings to determine if a defendant is being sued in his or her individual capacity. *See Vittetoe v. Blount Cnty., Tenn.*, 861 F. App'x 843, 851 (6th Cir. 2021). Because Plaintiff sues each of the other Defendants in both their individual and official capacities and seeks punitive damages against Defendants, the Court construes the complaint as bringing claims against McCoy in both her individual and official capacities.

Plaintiff alleges that she is Muslim and has requested to be served a Halal diet in keeping with her Islamic faith. She states that she submitted Religious Accommodation Requests to the KDOC "'Central Office'" for a Halal diet in March 2025. She maintains that Defendants Plappert, Massey, and Klatt have not answered Plaintiff's requests to date. Plaintiff maintains that while waiting for a response to her requests she asked to be served a Kosher diet, which she states would be in keeping with the Halal diet. She asserts that KSP administrators have to tried to "force" her to change her "religious preference from Islam to Jewish in order to receive a Kosher diet." She states that she was ultimately granted a Kosher diet without changing her religion from Islam in early February or late January 2026 but that she "was later illicitly removed from the Kosher list in a move of retaliation." Plaintiff states, "Because of this impasse the Plaintiff [was] effectively forced to become vegetarian in order to comply with the dietary commandments of [her] religion. Yet, the religion of Islam does not require its adherents to be vegetarians." She maintains that the vegetarian diet has caused her to suffer "severe medical deficiencies, having physical effect on her body."

Plaintiff further states, "Deliberate indifference & flagrant negligence of the rights of Muslims, specifically – i.e. as blatant, targeted discrimination, as compared with followers of other religions (e.g. Judaism Christianity, etc.) – is an issue that has been on-going continually for (literally) decades within the [KDOC]." She maintains that violations are not isolated but are systemic. Plaintiff states that while waiting for a response to her Religious Accommodation Requests at one point she went on a hunger strike and that Defendant Plappert agreed that she could receive a vegetarian diet as a temporary compromise.

Plaintiff also states that she was housed with three other inmates who also filed Religious Accommodation Requests seeking to be served a Halal diet. She maintains that after they

submitted their requests two of the inmates were moved out of Plaintiff's cell block. She states, "The KSP administration's intent was clearly only to split up the [inmates] who were working together to assert their religious rights protected by the First Amendment."

Plaintiff states that Defendant Plappert "has on multiple occasions failed to correct administrative & security staff under her supervision when the latter have clearly demonstrated religious prejudice towards Muslims . . . as well has perpetuated such discrimination and lies herself." She alleges that even after KDOC policy was explained to Defendant Plappert, Plappert "continued – knowingly and under color of law – to deny the Plaintiff the right to partake of Kosher diet, to satisfy the dietary commandments of [her] religion (Islam)." Plaintiff further states that "[t]his same argument applies" to Defendants Crews and Massey. She asserts, "Both were well aware of the circumstances, the truth of the policies' meanings, and the law; yet both remained active in denying the Plaintiffs' religious rights."

Plaintiff further asserts that Defendants Wallace and McCoy, who are Aramark employees at KSP, "are guilty of actively perpetuating blatant discrimination against Islamic dietary requirements." She continues, "Both have flagrantly lied that Halal diet/Halal foods are 'not available' from the kitchen."

Plaintiff also alleges that Defendants Crews, Plappert, Massey, and Lambert "have through deliberate indifference, wanton negligence, and even calculated failure to redress issues/rectify illicit behavior of their subordinates, perpetuated a multitude of systemic violations/crimes against the Plaintiff's religious freedoms and indeed against the religion of Islam itself, as well as violations against the Plaintiffs' humanity." She states that this is a violation of the Fifth Amendment and Eighth Amendment.

Plaintiff further maintains that Defendant McCalister "has routinely and systematically failed to ensure proper redress of [& compliance with timeliness as mandated by policy for] grievances – well beyond any reasonable sense of possible 'oversight' or innocent 'mix-up.'"

In addition, Plaintiff states that Defendants Robertson, McCoy, Wallace, and Klatt "were all instrumental in retaliating against Plaintiff Khalid Zaahir in particular regarding Plaintiff Zaahir fasting during the month of Ramadhan" which began on February 18, 2026, when they would not allow Plaintiff to participate in Ramadhan fasting while she was receiving the Kosher diet. She states that she was removed from the Kosher list because she participated in Ramadhan and states that on some days she received her meals over two hours late.

As relief, Plaintiff requests compensatory and punitive damages and injunctive relief in the form of ordering KDOC "to provide Halal diet selection (or offer Muslims Kosher diet w/o changing religious pref.)."

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. ANALYSIS

### *A. Fifth Amendment*

Plaintiff alleges a violation of the Fifth Amendment. Based on the facts alleged, the Court does not find that Plaintiff has a cognizable Fifth Amendment claim against Defendants. Specifically, the Court notes that to the extent Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it applies to only the actions of the federal government. *See, e.g., Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the alleged conduct occurred at a state prison, and the actions of federal officials are not at issue. Therefore, the Court will dismiss the Fifth Amendment claim for failure to state a claim upon which relief may be granted.

### *B. Eighth Amendment*

Plaintiff also alleges a violation of the Eighth Amendment. The Eighth Amendment prohibits "cruel and unusual punishments[,]" or "the unnecessary wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). The complaint alleges religious discrimination and

retaliation, which are claims analyzed under the First Amendment, rather than the Eighth Amendment. *See Turner v. Ind. Dep't of Corr.*, No. 3:19-CV-822-RLM-MGG, 2019 U.S. Dist. LEXIS 182419, at *3 n.1 (N.D. Ind. Oct. 21, 2019). Therefore, the Court will dismiss the Eighth Amendment claim for failure to state a claim.

### *C. Grievance handling*

Plaintiff's claim against Defendant McCalister is based only on the handling of her grievances. Prisoners do not possess a constitutional right to a prison grievance procedure. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005) ("All circuits to consider this issue have . . . found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."). Consequently, "a plaintiff cannot premise a § 1983 claim on allegations that a jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place." *Olivier v. City of Clarksville*, No. 3:16-CV-03306, 2017 U.S. Dist. LEXIS 24779, at *7-8 (M.D. Tenn. Feb. 21, 2017). The Court, therefore, will dismiss Plaintiff's claim based on the handling of her grievances for failure to state a claim upon which relief may be granted.

### *D. First Amendment*

#### *1. State employees or officials*

##### *a. Individual-capacity claims*

Upon review, <u>the Court will allow Plaintiff's claims for religious discrimination and retaliation under the First Amendment to proceed against Defendants Plappert, Crews, Klatt, Robertson, Massey, and Lambert in their individual capacities</u>. In addition, <u>the Court will construe</u>

Plaintiff's allegations as claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and allow this claim to proceed against these Defendants, as well.

***b. Official-capacity claims***

Plaintiff sues Defendants Plappert, Crews, Klatt, Robertson, Massey, McCalister, and Lambert in their official capacities. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against these Defendants are construed as brought against their employer, the Commonwealth of Kentucky. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. For these reasons, Plaintiff's official-capacity claims against Plappert, Crews, Klatt, Robertson, Massey, McCalister, and Lambert for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

Upon review, the Court will allow Plaintiff's claims for religious discrimination and retaliation under the First Amendment and claims under the RLUIPA to proceed against Defendants Plappert, Crews, Klatt, Robertson, Massey, and Lambert in their official capacities for injunctive relief only.

***B. Aramark employees***

Upon review, the Court will allow Plaintiff's claims for religious discrimination and retaliation under the First Amendment to proceed against Defendants Wallace and McCoy in their

individual and official capacities. The Court will allow RLUIPA claims to proceed against these Defendants in their individual and official capacities, as well.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims under the Fifth and Eighth Amendments, claim based on the handling of her grievances, and official-capacity claims against the state employee Defendants for monetary damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED** to terminate Defendant McCalister as no claims remain against her.

The Court will enter a separate Service and Scheduling Order to govern the claims that have been permitted to proceed. In allowing the claims to proceed, the Court passes no judgment on their merits or ultimate outcome.

Date: August 21, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendants Plappert, Crews, Klatt, Robertson, Massey, Lambert, Wallace, and McCoy
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.010